# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MCGIVERN, GILLIARD & CURTHOYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-0200-CVE-TLW |
| | ) | |
| CHARTIS CLAIMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant Chartis Claims, Inc's Motion to Dismiss Plaintiff's Claim for Punitive Damages and Brief in Support (Dkt. # 30). Defendant argues that plaintiff's claim for punitive damages should be dismissed because punitive damages are not available for breach of contract.

## I.

Plaintiff McGivern, Gilliard & Curthoys is a law firm engaged primarily in the field of workers' compensation defense. Defendant Chartis Claims, Inc., a subsidiary of AIG Insurance Services, Inc. (AIG), is an insurance claims adjuster. From 1994 until 2009, plaintiff performed legal services for defendant in Oklahoma. These services were provided pursuant to letters of understanding dated August 3, 2004, August 25, 2006, and July 30, 2008. These letters of understanding set forth the hourly rates for each attorney and paralegal, billing parameters and requirements, and handling of litigation expenses. The letters of understanding also incorporated by reference a set of guidelines entitled "The AIG Companies Domestic Brokerage Group Workers' Compensation Litigation Management Guidelines." The guidelines set forth further detail regarding attorney billing parameters and requirements for legal service providers. Plaintiff now alleges that

"sometime in 2009, Defendants[1] arbitrarily decided not to pay Plaintiff MGC for approximately $388,000.00 for legal services that it had performed, and approximately $47,500.00 in litigation expenses that it had advanced . . . ." Dkt. # 6 at 6.

Plaintiff filed its complaint on October 14, 2011 in the Western District of Oklahoma (Dkt. # 1). Plaintiff filed an amended complaint on October 20, 2011 (Dkt. # 5), followed by a second amended complaint on February 1, 2012 (Dkt. # 6). The case was then transferred to the Northern District of Oklahoma. Dkt. # 20. The second amended complaint alleges claims for breach of contract, punitive damages pursuant to OKLA. STAT. tit. 23, § 9.1, and attorney's fees pursuant to OKLA. STAT. tit. 12, § 936.

**II.**

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleadings standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the

---

[1] The second amended complaint named multiple defendants. However, pursuant to the order of the Western District of Oklahoma, only Chartis Claims, Inc. remains as a defendant in this matter. See Dkt. # 20 at 1 n.1.

2

well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

**III.**

Defendant argues that plaintiff's claim for punitive damages must be dismissed because punitive damages cannot be recovered for a breach of contract. Plaintiff argues that punitive damages are available for a breach of contract where the breaching party's acts constitute an independent, willful tort. Because the second amended complaint alleges that defendant's breach was "deliberate, intentional, malicious, and retaliatory," plaintiff argues that punitive damages are appropriate. In the alternative, plaintiff argues that the Court should defer ruling on defendant's motion "until the parties have conducted meaningful discovery so that the Court can make a fact based determination as to whether or not there is sufficient evidence to support a claim for punitive damages." Dkt. # 32 at 3.

The second amended complaint lists separate claims for "breach of contract" and "punitive damages." Dkt. # 6 at 6-7. However, "'punitive damages' are a type of damages - not an underlying claim for relief." Huggins v. Four Seasons Nursing Ctrs., Inc., No. 07-CV-0396-CVE-PJC, 2007 WL 3113429, at *2 (N.D. Okla. Oct. 22, 2007). Oklahoma law specifically states that "[i]n an action

3

for the breach of an obligation <u>not arising from contract</u>, the jury, in addition to actual damages, may . . . award punitive damages for the sake of example and by way of punishing the defendant . . . ." OKLA. STAT. tit. 23, § 9.1 (emphasis added). Thus, in order to seek punitive damages, plaintiff "must plead these damages as part of an underlying claim for breach of an obligation not arising from contract." <u>Huggins</u>, 2007 WL 3113429, at *2.

Based on the second amended complaint and the arguments made in plaintiff's response to the motion to dismiss, it appears that plaintiff is attempting to state a claim for tortious breach of contract. Tort claims for a contemporaneous breach of contract are generally not permitted under Oklahoma law except in certain specific contexts such as insurance contracts. The Oklahoma Supreme Court has stated that "[w]hen the factual situation warrants, an action for breach of contract may also give rise to a tort action for a breach of the implied covenant of good faith and fair dealing." <u>Beshara v. Southern Nat'l Bank</u>, 928 P.2d 280, 291 (Okla.1996). A claim of tortious breach of contract is permissible only if the plaintiff can show that a special relationship existed between the parties that would give rise to a fiduciary duty on the part of the defendant. <u>Id.</u>; <u>First Nat'l Bank & Trust Co. of Vinita v. Kissee</u>, 859 P.2d 502, 509 (Okla. 1993); <u>Rodgers v. Tecumseh Bank</u>, 756 P.2d 1223, 1227 (Okla. 1988). Although the Oklahoma Supreme Court has not expressly recognized a claim for tortious breach of contract, the Oklahoma Supreme Court has suggested that "[g]ross recklessness or wanton negligence on behalf of a party to a contract may call for an application of the theory of tortious breach of contract." <u>Rodgers</u>, 756 P.2d at 1227 (emphasis added). However, the general rule is that parties to an arms-length commercial transaction are limited to contract, rather than tort, remedies under Oklahoma law for a breach of contract. <u>Id.</u>

4

Plaintiff relies on Storck v. Cities Serv. Gas Co., 634 P.2d 1319 (Okla. Civ. App. 1981), for the proposition that it may be entitled to punitive damages and that it should be entitled to discovery to pursue a factual basis for its claim. However, in Stork, the Oklahoma Court of Civil Appeals stated that "mere proof of the fact of breach of contract, by itself, is insufficient to support an award of punitive damages." Id. at 1324. The court in Stork remanded the case for a determination of whether punitive damages were appropriate. Notably, the allegations in that case alleged a claim of tortious interference, which was arguably separate and apart from the breach of the contract claim. Regardless, in more recent cases, both the Tenth Circuit and the Oklahoma Supreme Court have explicitly held that "a breach of contract alone cannot support an award of punitive damages; the plaintiff must recover damages for a tort before recovering punitive damages." Zenith Drilling Corp. v. Internorth, Inc., 869 F.2d 560, 565 (10th Cir. 1989); see also Rodgers, 756 P.2d at 1227 ("Without an independent basis to support a tortious wrongdoing, there is nothing more than an alleged breach of that contract.").

In this case, plaintiff has sued for breach of contract based on defendant's alleged breach of the letters of understanding. The claim for punitive damages alleges that defendant's "refusal to pay . . . was deliberate, intentional, malicious, and retaliatory." Dkt. # 6 at 7. Thus, the underlying action complained of in the punitive damages claim is the breach of the letters of agreement. Plaintiff has not alleged any duty or breach of duty that does not arise directly from the contract. Furthermore, the parties engaged in an arms-length transaction and did not have a special relationship under Oklahoma law. While Oklahoma law may recognize a tort claim resulting from a breach of contract, "the contract in such cases is the mere incident creating the relation furnishing the occasion for the tort" and the wrong giving rise to a tort claim must be independent of the breach

5

of contract. <u>Woolard v. JLG Indus., Inc.</u>, 210 F.3d 1158, 1168 (10th Cir. 2000). Plaintiff has not alleged any action separate from the breach of contract that would give rise to an independent claim for damages. Plaintiff can not convert an ordinary breach of contract claim into a tort merely by alleging that the breach was intentional.

**IT IS THEREFORE ORDERED** that Defendant Chartis Claims, Inc's Motion to Dismiss Plaintiff's Claim for Punitive Damages and Brief in Support (Dkt. # 30) is **granted**. Plaintiff's claim for punitive damages is hereby dismissed.

**IT IS FURTHER ORDERED** that defendant shall answer the second amended complaint no later than **July 20, 2012.**

**DATED** this 17th day of July, 2012.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE